UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:24-cv-23327-RKA

WINDY LUCIUS

      Plaintiff,

v.

MIAMI PLASTIC SURGERY.

      Defendant.

_____/

**DEFENDANT'S MOTION FOR INVOLUNTARY DISMISSAL, OR ALTERNATIVELY,
MOTION TO DISMISS COMPLAINT FOR LACK OF STANDING AND
FAILURE TO STATE A CLAIM**

      Defendant, MIAMI PLASTIC SURGERY, pursuant to Fed. R. Civ. P. 41(b), moves for the involuntary dismissal of Plaintiff's Complaint, or alternatively, pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss Plaintiff's Complaint, and in support thereof, states as follows:

**A.  MOTION FOR INVOLUNTARY DISMISSAL FOR FAILURE
TO COMPLY WITH COURT ORDER**

**I.       INTRODUCTION AND SUMMARY OF ARGUMENT**

      On August 29, 2024, Plaintiff, WINDY LUCIUS, filed her Complaint alleging violation of Title III of the Americans with Disabilities Act (the "ADA"). Plaintiff claims that she is "legally blind, and substantially limited in performing one or more major life activities". Pl.'s Compl. ¶ 4, ECF No. 1.

      As stated in the Complaint, Defendant owns and operates a plastic surgery clinic branded, "Miami Plastic Surgery". Plaintiff further alleges that Defendant is "offering and maintaining a mobile website […] that is not fully accessible and independently usable by visually impaired

consumers." Pl's Compl. ¶ 5, ECF No. 1. Plaintiff has alleged that the website is incompatible with the screen reader software that she uses to aid her in navigating the Defendant's website, Apple Screen Reader Voice Over Software. *Id.*

Notably, Plaintiff does not allege that she has attempted to visit Defendant's physical store location, or that she intends to visit in the future. Plaintiff also does not claim that the alleged deficiencies contained on the website impede her ability to access Defendant's physical location, or the goods and services offered therein.

On August 30, 2024, this Honorable Court entered an Order Requiring Verified Certificate of Counsel Regarding Any Prior Filings Under the Americans with Disabilities Act and Verified Affidavit Regarding Visits to Property, as is customary in cases arising under Title III of the ADA.

The August 30th Order provides as follows:

> 5. To have standing to seek injunctive relief under the ADA, **a plaintiff "must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future."** *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1334 (11th Cir. 2013) (citation omitted); *see also Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) ("In ADA cases, courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendants."). Accordingly, the named plaintiff shall, in a filed and verified affidavit, **explain in detail both his or her past visits to the subject property and any specific plans to return to the property in the future. This affidavit <u>must contain precise dates and concrete plans. A simple recitation that the Plaintiff intends to return to the property "some day" will not suffice.</u> "Such 'some day' intentions— without any description of concrete plans, or indeed even any specification of** *when* **the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require."** *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992) (citation omitted).

Please see the August 30, 2024, Order, attached hereto as **Exhibit "A"**, ¶ 5, ECF No. 4 (emphasis added).

On September 5, 2024, the Plaintiff filed only a fraction of the information required by the Order but failed entirely to include any detailed information or specific plans to return to the property, as mandated by Paragraph 5 of the Order. The sole information provided in Plaintiff's Verified Affidavit is as follows:

> 2. I went to the subject mobile website on August 25, 2024, to test for accessibility.
>
> 3. I found that the website did not work with the Apple screen reader program, VoiceOver.
>
> **4. Before the testing attempts, I have not previously visited the physical location for Miami Plastic Surgery, nor have I previously visited the mobile website.**
>
> **5. I plan to visit the website monthly to determine whether it has been remediated to work with VoiceOver for iPhone.**

Please see Plaintiff's Verified Affidavit, attached hereto as **Exhibit "B"**, ¶ 2-5, ECF No. 7 (emphasis added).

## II.    LEGAL STANDARD

Fed. R. Civ. P. 41(b) provides in pertinent part:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules **or a court order** a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits. (Emphasis added).

"District courts are vested with 'broad discretion in managing their cases … and ensuring that their cases move to a reasonably timely and orderly conclusion.'" *Longhini v. Majorca Investment Properties, LLC*, No. 22-24040-CV-WILLIAMS, 2023 WL 6196958, *2 (11th Cir. September 22, 2023) (quoting *Watts v. Club Madonna, Inc.*, 784 F. App'x 684, 687–88 (11th Cir. 2019)). "[D]istrict courts have broad discretion under the Federal Rules of Civil Procedure to

impose sanctions for failure to comply with court orders" *Id.* (citing *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1521 (11th Cir. 1996)).

## III.    ANALYSIS

In previous instances of this nature, the Southern District has aptly observed that: "If Plaintiff suffers no penalty for his recalcitrance and neglect, there would be little or no disincentive for him attempt to wage future litigation in a similar manner. This court must not allow such conduct to go undeterred." *Myles v. Green*, No. 08-20554-CIV, 2013 WL 12201091, at *4 (S.D. Fla. Jan. 30, 2013). "The Court is vested with the inherent authority to manage its docket, including imposition of sanctions for failure to comply with a court order." *Id.* (citing *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1521 (11th Cir. 1996)). In the August 30th Order, this Court states that the purpose of the requirement contained in Paragraph 5 is to assess the standing of the Plaintiff which would allow her to bring her claim, as the Order provides:

> **To have standing to seek injunctive relief under the ADA, a plaintiff "must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future."** *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1334 (11th Cir. 2013) (citation omitted); *see also Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) ("In ADA cases, courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendants."). **Accordingly, the named plaintiff shall, in a filed and verified affidavit, explain in detail both his or her past visits to the subject property and any specific plans to return to the property in the future.**

Please see **Exhibit "A"**, ¶ 5, ECF No. 4 (internal citation omitted, emphasis added).

In assessing Title III claims regarding website accessibility, the majority of courts have held that websites are **not** covered by the ADA, unless some function on the **website hinders the full use and enjoyment of a physical space**. *See Gomez v. Bang & Olufsen Am., Inc*., No. 1:16-cv-23801, 2017 WL 1957182, at *3 (S.D. Fla. Feb. 2, 2017); *see also Rendon v. Valleycrest*

*Productions, Ltd*., 294 F.3d 1279, 1280-81, 1285 (11th Cir. 2002). In order to state a claim under

Title III of the ADA, a plaintiff must allege that there is "some nexus between the website and the

physical place of accommodation such that the "inaccessible website impedes access to a physical

location." *Price v. Everglades Coll., Inc*., No. 618-cv-492ORL31GJK, 2018 WL 3428156, at *2

(M.D. Fla. July 16, 2018) (internal quotations and citation omitted). The *Price* court further

explained:

> In clarifying the nexus requirement, district courts in the Eleventh Circuit
> **have distinguished between an inability to use a website to gain
> information about a physical location and an inability to use a website
> that impedes access to enjoy a physical location, holding that the former
> "is insufficient to state a claim."** *E.g., Gomez v. La Carreta Enters*., No.
> 17-civ-61195, 2017 U.S. Dist. LEXIS 202662, at *9 (S.D. Fla. Dec. 6,
> 2017). One rationale underlying this holding is that a contrary finding would
> require all websites with any nexus to a physical public accommodation to
> be formatted in such a way that they are accessible to screen reader
> software. *E.g., Price v. AFT Mgmt., Corp*., No. 17-civ- 61310, 2018 U.S.
> Dist. LEXIS 25896, at *9 (S.D. Fla. Feb. 14, 2018). District courts in the
> Eleventh Circuit have been unwilling to take a leap with such far-reaching
> implications, and this Court is no exception. **Here, the Defendant correctly
> argues that "an inability to gain information about the physical location
> does not adequately allege that his inability to access the Website
> impedes his access to enjoy the physical university." Although the
> Plaintiff argues that he "has alleged that the inaccessibility of
> Defendant's website impeded Plaintiff's access to Defendant's
> University locations," a review of the Complaint reveals that the
> Plaintiff alleges only facts indicating that his ability to gain information
> about the location, rather than his access to enjoyment of the university
> itself, was compromised.** As the Defendant points out, the Plaintiff does
> not claim that he was unable to apply to the university, pay tuition, or use
> the student portal on the website. Accordingly, the Plaintiff has failed to
> state a claim on which relief can be granted.

*Id.*, at *2 (internal citations omitted, emphasis added).

The Plaintiff admits in Plaintiff's her Verified Affidavit that she has not, at any time,

previously visited the Defendant's physical location. In fact, the Plaintiff only provides that **she**

**has not ever been to the Defendant's physical location, either before or after filing her**

**Complaint**. The Affidavit does not comply with this Court's Order mandating that Plaintiff "**explain in detail both [ ] her past visits to the subject property and any specific plans to return to the property in the future**", nor does the Affidavit "**contain precise dates and concrete plans**" of the Plaintiff's plans to return to the Defendant's physical location. The Affidavit does not include any information, whatsoever, as to the Plaintiff's future intentions to visit the Defendant's physical location. The inclusion of such information is crucial to Plaintiff's ability to maintain her cause of action.

Upon a review of the Plaintiff's other actions, including those pending or already concluded, it appears that the Verified Affidavit, as filed by the Plaintiff in this matter, is no more than a mere recitation of a rote script filed by the Plaintiff each time this Court requires her to submit an affidavit. The Verified Affidavit is simply a copy-and-pasted, form affidavit previously filed by the Plaintiff in several of its actions brought under Title III of the ADA, and is not tailored to the matter at hand or to the Plaintiff's interactions with Defendant's physical location.

As such, Plaintiff has failed to comply in any meaningful way to the requirements of Paragraph 5 of the August 30th Order as it relates to the Plaintiff's standing and, therefore, her Complaint must be dismissed.

## IV.   CONCLUSION

Because the Plaintiff has failed to comply with this Honorable Court's Order, dated August 30, 2024, requiring the Plaintiff to file a Verified Affidavit Regarding Visits to Property which "explain[s] in detail both his or her past visits to the subject property and any specific plans to return to the property in the future", her Complaint must be dismissed.

### B. <u>MOTION TO DISMISS FOR LACK OF STANDING AND FOR FAILURE TO STATE A CLAIM</u>

### I.     INTRODUCTION AND SUMMARY OF ARGUMENT

In her Complaint, Plaintiff alleges that Defendant is "offering and maintaining a mobile website […] that is not fully accessible and independently usable by visually impaired consumers." Pl's Compl. ¶ 5, ECF No. 1. Plaintiff has further alleged that the website is incompatible with the screen reader software utilized by the Plaintiff to aid her in navigating the web, Apple Screen Reader Voice Over Software. *Id.*

Notably, Plaintiff does not allege that she has attempted to visit Defendant's physical store location, or that she intends to visit in the future. Plaintiff also does not allege that the alleged deficiencies contained on the website impede her ability to access Defendant's physical location, or the goods and services offered therein. Instead, Plaintiff alleges that

> Plaintiff attempted to access and/or utilize Defendant's mobile website to test for accessibility, browse through the services online information to educate herself as to "Miami Plastic Surgery" locations, procedures, and any specials being offered, at the brick and-mortar locations, but was unable to, and she is still unable to enjoy full and equal access to the mobile website and/or understand the content therein because several portions of the mobile website do not interface with the VoiceOver screen reader software.

Pl's Compl. ¶ 16, ECF No. 1.

Plaintiff also alleges that "Plaintiff continues to attempt to use the mobile website and/or plans to continue to attempt to use the mobile website in the near future" and that, alternatively, "Plaintiff intends to monitor the mobile website, **as a tester**, to determine whether it has been updated to interact properly with screen reader software." Pl's Compl. ¶ 19, ECF No. 1 (emphasis added).

## II.     LEGAL STANDARD

### A. Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

Pleadings are required to contain "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). The "plausibility standard" requires a plaintiff to "plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). In their review of a Motion to Dismiss, the courts must construe the allegations of the complaint in the light most favorable to the plaintiff and must take the factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

### B. Americans with Disabilities Act

Title III of the ADA, addressing the "Prohibition of discrimination by public accommodations," provides: "No individual shall be discriminated against on the basis of disability in any place of public accommodation." 42 U.S.C. § 12182(a). To prevail on a Title III ADA claim, "a plaintiff generally has the burden of proving (1) that he or she is an individual with a disability; (2) that the defendant owns, leases, or operates a place of public accommodation; and

(3) that the defendant denied him or her full and equal enjoyment of goods, services, facilities or privileges offered by the defendant (4) on the basis of his or her disability." *Schiavo ex rel Schindler v. Schiavo*, 358 F. Supp. 2d 1161, 1165 (M.D. Fla. 2005). Injunctive relief is "the only form of relief available to plaintiffs suing under Title III of the ADA." *Houston v. Marod Supermarkets, Inc.,* 733 F.3d 1323, 1329 (11th Cir. 2013).

## III.    ANALYSIS

To have standing to seek injunctive relief under the ADA, a plaintiff "must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1334 (11th Cir. 2013) (citation omitted); *see also Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) ("In ADA cases, courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendants.").

Here, Plaintiff does not allege that her inability to use the website has impeded her access to Defendant's physical location. Moreover, Plaintiff does not allege she has, at any time, attempted to access or has any specific intention to access Defendant's physical location. In fact, in her Verified Affidavit, as required pursuant to this Honorable Court's August 30th Order, the Plaintiff admits that she has not, at any time, visited the Defendant's physical location. Further, Plaintiff, in her Verified Affidavit, has not outlined any specific future plans or intentions to visit the Defendant's physical location as required by the August 30th Order. All that the Plaintiff has alleged is that she has visited the Defendant's website, and that she intends to continue visiting the Defendant's website, "**as a tester**". As such, the Plaintiff lacks the requisite standing to pursue this action. Therefore, the Complaint must be dismissed. *See Gomez v. Bang & Olufsen Am., Inc.*, No. 1:16-CV-23801--LENARD, 2017 WL 1957182, at *4 (S.D. Fla. Feb. 2, 2017) (dismissing the

complaint where the plaintiff failed to allege that the defendant's website impeded his personal use of the defendant's physical locations); *Haynes v. Interbond Corp. of Am.*, No. 17-CIV-61074-DIMITROULEAS/SNOW, 2017 WL 4863085, at *5 (S.D. Fla. Oct. 16, 2017) (same); *Buchholz v. Aventura Beach Assocs., Ltd.*, No. 17-23154-CIV-MORENO, 2018 WL 318476, at *3 (S.D. Fla. Jan. 5, 2018) (same).

Additionally, "[t]o state a claim for accessibility discrimination under the ADA, [a p]laintiff must allege facts to show: (1) that he is disabled; (2) that the Defendant operates a place of public accommodation; and (3) that the defendant discriminated against Plaintiff on the basis of the disability within the meaning of the ADA." *Fernandez v. Flanigan's Enterprises, Inc.*, No. 23-80073-CIV, 2023 WL 4285317, at *2 (S.D. Fla. June 29, 2023) (citing *Access Now, Inc. v. South Florida Stadium Corp.*, 161 F. Supp. 2d 1357 (S.D. Fla. Sept. 10, 2001). In order to validly state a claim under Title III of the ADA, website inaccessibility must be considered "an 'intangible barrier' to plaintiff's ability to 'communicate with [defendant]'s physical stores, which results in [plaintiff] being excluded, denied services, segregated, or otherwise treated differently.'" *Id.* (quoting *Fernandez v. Bruno Northfleet, Inc.*, 568 F.Supp.3d 1294 (S.D. Fla. Oct. 18, 2021; *Gil v. Winn-Dixie Stores, Inc.*, 993 F.3d 1266 (11th Cir. 2021) (vacated due to dismissal on appeal)).

In *Gil v. Winn-Dixie Stores, Inc.*, the Eleventh Circuit held that "websites are not a place of public accommodation under Title III of the ADA." *Gil*, 993 F.3d at 1277. The Eleventh Circuit did, however, recognize that Title III's protection "covers both tangible ... and intangible barriers, such as eligibility requirements and screening rules or discriminatory policies and procedures that restrict a disabled person's ability to enjoy the defendant entity's goods, services and privileges" offered by the defendant's place of public accommodation. *Id.* at 1278 (quoting *Rendon v. Valleycrest Prods., Ltd.*, 294 F.3d 1279, 1283 (11th Cir. 2002)).

In finding that the website in question did not operate as an intangible barrier to the physical location, the Eleventh Circuit in *Gil* relied heavily on the fact that the website was "not a point of sale", as all goods offered for sale on the website ultimately had to be purchased at the physical stores. *Id.* at 1279, 1283; *see also Fernandez v. Mattress Xperts Broward, Inc.*, 2021 WL 3931243, at *2 (S.D. Fla. Sept. 2, 2021) (noting the same). The Court can still consider the vacated opinion in *Gil,* if it finds it persuasive. *See e.g., Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1218 (11th Cir. 2009) ("We are free to give statements in a vacated opinion persuasive value if we think they deserve it.").

Plaintiff has not claimed that she cannot visit the store due to the alleged accessibility issues with the website, but instead claims that she would like to visit the Website to "educate herself" before going to the store, for convenience purposes. Plaintiff claims that she "attempted to access and/or utilize Defendant's mobile website to test for accessibility, browse through the services online information to educate herself as to 'Miami Plastic Surgery' locations, procedures, and any specials being offered, at the brick and-mortar locations", allegations which are not sufficient to plead a discrimination claim. *Gil*, 993 F.3d at 1281 ("any convenience or time saving benefits afforded through the website might make the provision of 'auxiliary aids and services' reasonable but is not dispositive of whether such 'auxiliary aids and services' are in fact 'necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids'"). Given that Plaintiff has failed to plead that she is being excluded from participation in Defendant's business or being denied the benefits of the Defendant's business, her claims under the Act fail as a matter of law and the Complaint should be dismissed.

Further, the Defendant, Miami Plastic Surgery's, website does not act as a critical point of sale for the Defendant's physical location. The nature of the Defendant's physical location is a dermatological and plastic surgery office and, as such, the vast majority of Defendant's products and services may only be administered by Defendant's staff, on-site, at the Defendant's physical location. Further, nearly all of the products which are offered for sale on the website in question must ultimately be retrieved from, or may only be actually purchased in, the physical store due to their nature as medical or cosmetic services.  Therefore, the facts of this case mirror those present in the *Gil* case, where the website was found not to be an intangible barrier to access of a physical location, as the website was not a true "point of sale" for the physical location.

Moreover, several of Plaintiff's allegations are so lacking in specifics as to lend themselves to be improbable, and seemingly, are intended to mislead the reader. For example, Plaintiff alleges that:

> Defendant's mobile website is offered as a way for the public to become familiar with the "Miami Plastic Surgery" locations, hours of operation, procedures, and other information Defendant seeks to communicate to the public. The mobile website provides the public information about "Miami Plastic Surgery" surgical and non-surgical procedures, skin care services, available. Through the mobile website the public can book an appointment, join their newsletter to receive updates and exclusive offers directly in your inbox, as well as the ability to contact them online. The mobile website also provides links to "Miami Plastic Surgery" Facebook, YouTube, Instagram, and Tik Tok pages to learn about pop-ups and specials.

See Pl's Compl. ¶ 11, ECF No. 1. In these statements, Plaintiff claims that she needs to access the website to learn of certain specials, updates, or offers happening in the stores. Plaintiff states that the Website is a mere extension of Defendant's physical location and merely provides information about the physical location itself, which Plaintiff is more than capable of visiting. The fact that the Plaintiff has made allegations that the Defendant's social media pages contain information about "pop-ups" and "specials", yet nowhere in Plaintiff's Complaint is there even an allegation that

Plaintiff attempted to utilize these links and was unable to do so, or attempted to visit the social media pages and was unable to do so, leads one to believe that the Plaintiff has not, in fact, visited the website or attempted to utilize the links described in Paragraph 11 of the Complaint.

The majority of courts in the Eleventh Circuit apply a four-factor test in assessing standing in a Title III case, known as the *Houston* factors. *See Gomez v. Dadeland Dodge, Inc.*, No. 19-23682-CIV, 2020 WL 8919440, at *4 (S.D. Fla. Apr. 24, 2020). The *Houston* factors are: "(1) the proximity of the defendant's business to the plaintiff's residence; (2) the plaintiff's past patronage of the defendant's business; (3) the definiteness of the plaintiff's plan to return; and (4) the frequency of the plaintiff's travel near the defendant's business." *Id.* (citing *Houston v. Marod Supermarkets, Inc.*, 733 F.3d, 1323, 1337 n.6 (11th Cir. 2013).  In this case, while Plaintiff has alleged that she is a resident of the same city as the Defendant's physical location, there have been no allegations relating to the proximity of the physical location to Plaintiff's residence, nor as to the frequency of the Plaintiff's travel near the Defendant's business. Further, the Plaintiff has admitted that she does not have **any** history of patronage of the Defendant's business, as she has never visited the Defendant's physical location. The Plaintiff also has not alleged **any** plan of visiting the Defendant's physical location in the future, let alone a "definite" plan to return.

Additionally, in assessing Title III claims regarding website accessibility, the majority of courts have held that websites are not covered by the ADA, unless some function on the website hinders the full use and enjoyment of a physical space. *Gomez v. Bang & Olufsen Am., Inc*., No. 1:16-cv-23801, 2017 WL 1957182, at *3 (S.D. Fla. Feb. 2, 2017) (emphasis added); *see also Rendon v. Valleycrest Productions, Ltd*., 294 F.3d 1279, 1280-81, 1285 (11th Cir. 2002). In order to state a claim under Title III of the ADA, a plaintiff must allege that there is "some nexus between the website and the physical place of accommodation such that the "inaccessible website impedes

access to a physical location." *Price v. Everglades Coll., Inc.*, No. 618-cv-492ORL31GJK, 2018

WL 3428156, at *2 (M.D. Fla. July 16, 2018) (internal quotations and citation omitted). The *Price*

court further explained:

> In clarifying the nexus requirement, district courts in the Eleventh Circuit **have distinguished between an inability to use a website to gain information about a physical location and an inability to use a website that impedes access to enjoy a physical location, holding that the former "is insufficient to state a claim."** *E.g., Gomez v. La Carreta Enters.*, No. 17-civ-61195, 2017 U.S. Dist. LEXIS 202662, at *9 (S.D. Fla. Dec. 6, 2017). One rationale underlying this holding is that a contrary finding would require all websites with any nexus to a physical public accommodation to be formatted in such a way that they are accessible to screen reader software. *E.g., Price v. AFT Mgmt., Corp*., No. 17-civ- 61310, 2018 U.S. Dist. LEXIS 25896, at *9 (S.D. Fla. Feb. 14, 2018). District courts in the Eleventh Circuit have been unwilling to take a leap with such far-reaching implications, and this Court is no exception. **Here, the Defendant correctly argues that "an inability to gain information about the physical location does not adequately allege that his inability to access the Website impedes his access to enjoy the physical university." Although the Plaintiff argues that he "has alleged that the inaccessibility of Defendant's website impeded Plaintiff's access to Defendant's University locations," a review of the Complaint reveals that the Plaintiff alleges only facts indicating that his ability to gain information about the location, rather than his access to enjoyment of the university itself, was compromised**. As the Defendant points out, the Plaintiff does not claim that he was unable to apply to the university, pay tuition, or use the student portal on the website. Accordingly, the Plaintiff has failed to state a claim on which relief can be granted.

*Id.*, at *2 (internal citations omitted, emphasis added).

Here, Plaintiff has not alleged an injury in fact, or any real or immediate threat of future

injury. Similarly to the *Price* case, Plaintiff has not alleged that the website has in any way impeded

her access to the related physical location. Rather, Plaintiff has only alleged that she would prefer

to have access to certain information from the website prior to visiting the physical store. She has

not alleged any previous visits to the Defendant's physical locations, nor does she allege any

definite, future plans to visit the physical location. Such hypothetical allegations are insufficient

to establish the requisite standing. *See Haynes v. Polio Operations, Inc.*, No. 17-cv-61003, 2018 WL 1523421, at *2 (S.D. Fla. Mar. 28, 2018) ("[W]hile Plaintiff repeatedly alleges that he has attempted to access and/or utilize Defendant's website, he does not allege that he ever attempted to visit any of Defendant's physical locations.").

## IV.    CONCLUSION

Because the Plaintiff has failed to establish, inter alia, any attempts to visit the Defendant's physical location, failed to articulate any plan to visit the Defendant's physical location in the future, and has failed to allege that Plaintiff's inability to fully use Defendant website has impeded her use and enjoyment of Defendant's physical location, her Complaint must be dismissed as a matter of law.

Respectfully Submitted,

**MIAMI LAW® – MIAMI LAW, PLLC**
2811 SW 3rd Ave., Ste 200
Miami, Florida 33129
Telephone: (305) 444-1533
rkurtz@miami-law.com

**By: /s/ *Ron Bradley Kurtz***
Ron Bradley Kurtz, Esq.
Fla. Bar No. 933899

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 23, 2024, I electronically filed the foregoing

document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is

being served this day on all counsel of record or pro se parties identified on the service list below

in the manner specified, either via transmission of Notices of Electronic Filing generated by

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized

to receive electronic Notices of Electronic Filing.

> **MIAMI LAW® – MIAMI LAW, PLLC**
> 2811 SW 3rd Ave., Ste 200
> Miami, Florida 33129
> Telephone: (305) 444-1533
> rkurtz@miami-law.com
>
> **By: /s/ *Ron Bradley Kurtz***
> Ron Bradley Kurtz, Esq.
> Fla. Bar No. 933899

# EXHIBIT "A"

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 24-cv-23327-ALTMAN

**WINDY LUCIUS**,

    *Plaintiff,*

*v.*

**MIAMI PLASTIC SURGERY**,

    *Defendant.*

_____/

## ORDER REQUIRING VERIFIED CERTIFICATE OF COUNSEL REGARDING ANY PRIOR FILINGS UNDER THE AMERICANS WITH DISABILITIES ACT AND VERIFIED AFFIDAVIT REGARDING VISITS TO PROPERTY

The Complaint alleges violations by the Defendant of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181, *et seq.* Counsel for the Plaintiff shall file a verified response to this Order, which must include:

1. Whether counsel has conducted a search of case filings in the *records* of the Clerk of the United States District Court for the Southern District of Florida to ascertain whether the Defendant or the Defendant's property has ever been sued *prior to the filing of this suit* for any alleged violations of the ADA. If counsel did not conduct such a search prior to the filing of this lawsuit, counsel shall conduct that search prior to responding to this Order and indicate the results of that search in a verified response.

2. If there has been a prior suit of the nature referred to in paragraph 1, *supra*, counsel shall include in the verified response information about the present status of that litigation, if it is pending, and, if not pending, the nature of the disposition (i.e., settlement, dismissal, other).

3. If a prior suit of the nature described in paragraph 1 was resolved by settlement, counsel shall furnish to the Court specific details of that settlement, including any agreement for attorney's

fees and costs that is either known to counsel or which can be ascertained with reasonable inquiry. Copies of these documents shall be furnished with the response to this Order. Counsel shall also explain whether the Defendants (and/or property owned by the Defendants) has complied with any settlement agreement and, if not, what actions the Defendants must take to comply with that settlement agreement.

4. Counsel shall explain what efforts were taken by the parties to the prior litigation to enforce the terms of any prior settlement agreement. Specifically, counsel shall indicate whether the property owner made any of the necessary repairs to the property to try to bring it into compliance with the ADA, and, if not, what efforts the parties in the prior litigation have taken to enforce the prior settlement agreement.

5. To have standing[1] to seek injunctive relief under the ADA, a plaintiff "must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1334 (11th Cir. 2013) (citation omitted); *see also Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) ("In ADA cases, courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendants."). Accordingly, the named plaintiff shall, in a filed and **verified affidavit**, explain in detail both his or her past visits to the subject property and any specific plans to return to the property in the future. This affidavit must contain precise dates and concrete plans. A simple recitation that the Plaintiff intends to return to the property "some day" will not suffice. "Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of

---

[1] "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). It is the Court's responsibility to "zealously [e]nsure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

*when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992) (citation omitted).

It is therefore **ORDERED** that Plaintiff's counsel shall file a verified response to this Order by **September 13, 2024**. In addition, the named plaintiff shall file a verified affidavit regarding his past visits to the property, as well as a description of his concrete plans to return to it, by that date.

**DONE AND ORDERED** in the Southern District of Florida on August 30, 2024.

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

3

**EXHIBIT "B"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 24-cv-23327-RKA

WINDY LUCIUS

     Plaintiff,

v.

MIAMI PLASTIC SURGERY.

     Defendant.

_____/

### VERIFIED AFFIDAVIT SUPPORTING PLAINTIFF'S STANDING

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

     I, Windy Lucius, being duly sworn, states as follows:

1. I am the Plaintiff in the above captioned matter against Defendants.

2. I went to the subject mobile website on August 25, 2024, to test for accessibility.

3. I found that the website did not work with the Apple screen reader program, VoiceOver.

4. Before the testing attempts, I have not previously visited the physical location for Miami Plastic Surgery, nor have I previously visited the mobile website.

5. I plan to visit the website monthly to determine whether it has been remediated to work with VoiceOver for iPhone.

FURTHER AFFIANT SAYEST NAUGHT: _____

                                                               Windy Lucius

SWORN TO AND SUBSCRIBED before me on this  September 5, 2024 .

_____
Notary Public Signature
Print Name: Yarelys Mirabal

Notary Public State of Florida
Yarelys Mirabal
My Commission HH 608705
Expires 4/5/2028

**Exhibit - A**